UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROGER TWENHAFEL, d/b/a ) | |
| CONSOLIDATED SERVICES, ) | CASE NO: 08-117 GPM |
| ) | |
| Plaintiff, ) | CJRA TRACK: B |
| ) | |
| v. ) | JUDGE: G. Patrick Murphy |
| ) | |
| STATE AUTO PROPERTY AND ) | Jackson County No. 07-L-31 |
| CASUALTY INSURANCE COMPANY ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Comes Now Plaintiff, Roger Twenhafel, d/b/a Consolidated Services, (hereinafter "Mr. Twenhafel") by his attorney, Scott Hendricks, and submits the following Memorandum in Opposition to Defendant's Motion for Summary Judgment:

**INTRODUCTION**

State Auto's Motion for Summary Judgment should be denied because the open peril insurance contract Mr. Twenhafel obtained through State Auto did not exclude business property protected by an industrial tarp that was torn off by a violent storm.

**DEFENDANT'S RELEVANT FACTS**

Plaintiff agrees with Defendant's Statement of Facts in its Memorandum of Law in Support of Its Motion for Summary Judgment but adds the following:

The industrial tarp was secured in place by straps and weighted down with "large concrete blocks" and "oak beams." (Exh. 1, Dep. of Roger Twenhafel, pgs. 12 - 13)

The last two paragraphs of Defendant's "Relevant Facts" have no relevance to the limited issue

of whether property covered with an industrial tarp is "in the open."  Plaintiff adds that no factual evidence has been introduced nor any argument made that Plaintiff did not secure the industrial tarp in place or that small holes in the tarp contributed to the wind tearing off the tarp.

## STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c), *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The party opposing summary judgment must present some set of specific facts showing that there is a genuine issue for trial.  Fed R. Civ. P. 56(e).  *Balderson v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 318 (7th Cir. 2003).

The interpretation of insurance contracts is a matter of law to be determined by the court. *BASF AG v. Great American Assurance Co.*, 522 F.3d 813, 818-19 (7th Cir. 2008); *Nat'l Wrecking Co. v. St. Paul Surplus Lines Ins. Co.*, 11 F.3d 685, 687 (7th Cir. 1993).

State Auto's Motion for Summary Judgment should be denied because coverage is available to Mr. Twenhafel for the inventory loss incurred because this is an open peril policy and his loss from the storm was not excluded by the term "in the open."

State Auto argues that "in the open" is unambiguous.  In Illinois, an insurance policy is construed according to the plain, ordinary, and popular meaning of its terms, unless ambiguity concerning the terms exists  *River v. Commercial Life Ins. Co.*, 160 F.3d 1164, 1169 (7th Cir. 1998); *Cincinnati Ins. Co. v. Taylor-Morley, Inc.*, No. 06-cv-1035, 2008 WL 820384, at *3 (S.D. Ill. March 25, 2008).  The fact that the parties disagree about the interpretation of an insurance contract does not

mean that the terms are ambiguous. *River,* 160 F.3d at 1169. Instead, the terms of a policy are ambiguous only if the policy can be read as two reasonable alternative interpretations. *DeVore v. American Family Mut. Ins. Co.,* 383 Ill.App.3d 266, 269, 891 N.E.2d 505, 508 (2nd Dist. 2008).

State Auto's argument that inventory covered by an industrial tarp is "in the open" would require an interpretation that any property not in a solid enclosed building is "in the open." This interpretation is unreasonable because if an insurance company wanted to communicate that insured property must be kept in a solid enclosed building then the insurance policy would say the property must be in a "solid enclosed building."

State Auto suggests that its use of the word "open" as a noun instead of its common adjective or verb form changes the interpretation a reasonable person would give the term "in the open." Dictionaries list many definitions for the adjective and verb forms of "open," but there are few listings for the noun form, demonstrating that the noun form is the less popular form of "open." State Auto's chosen dictionary site, *Dictionary.com*, has 80 definitions or demonstrations of the verb and adjective form of "open," but only eight (8) definitions of the noun form, including three (3) definitions of "the open." State Auto argues that two of the three definitions of "the open" are not reasonable here, so "open" means the narrow concept of "outdoors."[1] State Auto misses the point on why courts look at dictionaries. Courts look at definitions to determine the plain, ordinary, and popular meaning of a word. *Valley Forge Ins. Co. v. Swiderski Electronics, Inc*., 860 N.E.2d 307, 316, 223 Ill.2d 352,

---

[1] Narrowing the definition of open to "outdoors" itself leads to the circular argument of the ordinary and popular meaning of outdoors. Does outdoors means anything not in a solid enclosed building or does outdoors mean not protected from the elements by an industrial tarp?

366 (Ill. 2006).  "Open" does not have 88 different narrow meanings.  Instead, the multiple definitions set forth a context and common theme of how the word "open" is ordinarily understood.  State Auto's interpretation is wrong because reasonable people interpret "open" to mean "unobstructed or uncovered," and "not covered or closed." (*Dictionary.com*., http://dictionary.reference.com/browse/open (last visited 9/30/2008))

      State Auto presents two cases from other states in an attempt to support its interpretation of "in the open."  *North Texas Construction Co. v. U.S. Fire Ins. Co.,* 485 S.W.2d 389 (Tex. Civ. App. 1972) is virtually an abstract opinion presented as persuasive authority.  Any potential influence of the case is drastically undermined because the opinion provides few facts and after the case was decided in 1972 it has never been cited by any other opinion.  (Keycited on Westlaw September 30, 2008)  Also, the brief facts and the insurance contract at issue in *North Texas Construction* are dissimilar to the facts here.  The insurance policy at issue in *North Texas Construction* excluded not only property left "in the open," but also loss to property "by rust" or "by deterioration."  *Id.* at 390.  The Appellate Court did not specifically address the trial court's finding of whether the property was in the open.  *Id*. at 390-91.  The court had no reason to perform an interpretation analysis of the term "in the open" because the record clearly showed that the loss was excluded in the insurance contract because damage was by "rust" and/or "deterioration."  *Id.* at 390-91.  Additionally, the property in *North Texas Construction* was covered just with polyethylene, a very thin plastic.  *Id.* at 390.  Mr. Twenhafel used an industrial tarp that was strapped into place.  (Exh. 1, Dep. of Roger Twenhafel, pg. 12, ¶ 7-23)

      State Auto also cites the New Jersey case *Victory Peach Group, Inc. v. Greater N.Y. Mutual Ins. Co.,* 707 A.2d 1383 (N.J. App. 1998).  There, the Court decided in favor of the insured

4

holding that the property was not left "in the open" where the insured had cut a section out of his roof in order to repair it, covered the hole with tarps, and then a storm blew off the tarps allowing the rain to enter into the interior of the building. *Id*. at 1384. The Court did not limit "in the open" to just mean within a building. *Id*. at 1385-86. It only held that because the insured property was in a building, it was not "in the open." *Id*. Defendant cites *Victory Peach Group, Inc*. for the proposition that the New Jersey Court, after consulting a dictionary, equated the term "open" with "outdoors". In fact, the New Jersey Appellate Court stated that the dictionary meaning of "open" includes the "**open air** or the outdoors" [emphasis added]. *Id.* Plaintiff's inventory in the instant case was not in the "open air" but covered by an industrial tarp.

The New Jersey court's decision that the property in that case was not "in the open" rested on the interpretation that the tarp served as an adequate roof to prevent the property from being considered "in the open" under the policy. The court said that there was no gaping hole in the roof which left the interior of the building exposed "openly to the elements." *Id.* at 1386. Additionally, the Court further stated that to a reasonable insured "in the open" would mean "being left exposed to the elements." *Id*. at 1385-86. In the case at hand, to a reasonable insured the inventory was not exposed to the elements because it was protected by an industrial tarp.

Mr. Twenhafel agrees that "a court's primary objective in construing the language of the policy is to ascertain and give effect to the intentions of the parties as expressed in their agreement." *American States Ins. Co. v. Koloms*, 687 N.E.2d 72, 75, 177 Ill.2d 473, 479 (Ill. 1997) "A court must construe the policy as a whole and take into account the type of insurance purchased, the nature of the risks involved, and the overall purpose of the contract." *Id*. State Auto uses the above statement

of law to argue that the purpose of the policy exclusion at issue is to preclude coverage for losses of the type that occurred. However, Illinois looks at the "overall" purpose of the contract, the type of insurance, and the nature of risks involved, not just the insurance company's statement of the purpose of the exclusion. See *Id*. The overall purpose of this insurance contract was to provide protection against losses induced by third parties and acts of nature.

Looking at the type of insurance purchased, coverage under State Auto's special form is an open peril policy, meaning that every loss is covered unless specifically excluded or limited. (*See* Exh. 4, Dep. of Craig Andrews, pg. 74-75) Here, Mr. Twenhafel upgraded his insurance to special form as opposed to the basic coverage, so that he would be covered against all risks unless specifically excluded. (See *Id*.) Mr. Twenhafel upgraded his policy for the purpose of being more protected from risks not less protected.

Under Illinois case law, even when the insurer is arguing an unambiguous term, "the insurer must show that a claim falls clearly within an exclusion, so that its applicability is free from doubt." *Bulkmatic Transport Co., Inc. v. National Union Fire*, No. 92 C 7431, 1994 WL 13708, at *2 (N.D. Ill. Jan. 14, 1994); See also *American Stand Ins. Co. v. Allstate Ins. Co.,* 210 Ill.App.3d 443, 446, 569 N.E.2d 162, 165 (1st Dist. 1991). The fact that State Auto must resort to the dictionary and its desperate argument that the Court should look at the noun form not the adjective form shows Mr. Twenhafel's claim does not "clearly" fall within the exclusion "in the open."

State Auto made a brief and meritless argument appearing to claim that because the industrial tarp was not on the inventory after the wind tore it off, there was no covering on the inventory at the time of loss, so the inventory was "in the open." Defendant's Brief at 7. Defendant's argument ignores

6

the undisputed fact that the strong storm wind tore off the tarp. Because loss caused by wind tearing off the cover is not excluded in the policy and State Auto has never claimed nor introduced evidence suggesting that something or someone other than wind tore the tarp off of the inventory, the cause of the loss is wind and is covered.

## **CONCLUSION**

The Policy's use of the term "in the open" can only reasonably be interpreted as meaning that a loss to inventory is excluded from coverage only if that inventory is not blocked from exposure with some sort of protective covering. Therefore, as a matter of law, the Policy covers the damage caused when the tornado or violent storm tore the protective tarp covering off the wood inventory and the accompanying rain damaged the inventory. Even if the Court finds ambiguity in the term "in the open," summary judgment in favor of the Plaintiff, Mr. Twenhafel, is proper because Illinois law resolves insurance contract interpretations in favor of the insured.

Wherefore, the Plaintiff Roger Twenhafel d/b/a Consolidated Services, prays that this Court enters judgment finding and declaring as follows:

A. That Defendant's Motion for Summary Judgment be denied.

B. That the then existing policy (Exh. 3) issued by Defendant State Auto Property and Casualty Insurance Company covers the damage to Plaintiff inventory.

C. That the Defendant State Auto Property and Casualty Insurance Company must cover and pay appropriate damages to Plaintiff for his loss to business inventory.

D. That above mentioned damages be awarded in the amount of $81,678.10 plus daily interest

computed from September 22, 2006 to the date of judgment.

  E. That Plaintiff be awarded just and reasonable costs incurred herein.

  F. For such other and further relief this Court deems just and proper.

            Respectfully Submitted,

            <u> /s/ Scott P. Hendricks </u>
            Scott P. Hendricks, 06184949
            Cynthia A. Hagan, 06187140
            Attorneys for Plaintiff

Hendricks & Hagan
206 West College, Suite 12
Carbondale, IL 62901
phone: (618) 529-2274
fax: (618) 529-1638

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROGER TWENHAFEL, d/b/a | ) | |
| CONSOLIDATED SERVICES, | ) | CASE NO: 08-117 GPM |
| | ) | |
| Plaintiff, | ) | CJRA TRACK: B |
| | ) | |
| v. | ) | JUDGE: G. Patrick Murphy |
| | ) | |
| STATE AUTO PROPERTY AND | ) | Jackson County No. 07-L-31 |
| CASUALTY INSURANCE COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was mailed to all parties who have NOT BEEN ELECTRONICALLY NOTIFIED this 15th day of October, 2008 with the correct postage prepaid and deposited in the U.S. Mail in Carbondale, IL.

/s/ Monica Reid