IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROGER TWENHAFEL d/b/a CONSOLIDATED SERVICES, | ) ) ) | |
| Plaintiff, | ) ) | Cause No. 08-117 GPM |
| vs. | ) ) | |
| STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) | Jackson County No. 07-L-31 |
| Defendant. | ) | |

**<u>DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

COMES NOW Defendant, State Auto Property and Casualty Insurance Company, by and through its undersigned attorneys, John P. Cunningham and Brown & James, P.C., and for its Reply to Defendant's Memorandum in Opposition to Defendant's Motion for Summary Judgment, states as follows:

Plaintiff makes a fleeting argument on page 7 of his Memorandum in Opposition to Defendant's Motion for Summary Judgment that the loss in question should be covered because the cause of the loss was actually wind (a covered peril) rather than rain to property in the open (an excluded peril).

Plaintiff's argument, however, in inconsistent with Illinois law as stated in <u>Mammina v. Homeland Ins. Co. of America</u>, 21 N.E.2d 726, 371 Ill. 555 (1939).  In that case, the Supreme Court held: "In a case of the concurrence of two causes of loss, one at

the risk of the assured and the other insured against … if the damage by the perils respectively can be discriminated, each party must bear his proportion." Id., 21 N.E.2d at 728.  In the Mammina case, a truck was hit by a train and then caught fire.  The truck was insured against fire, but not against collision.  The court held that the damage caused by the collision and the damage caused by fire could be distinguished, and thus the insurer was only responsible for paying those damages caused by fire (the difference between the value of the truck immediately after the collision and the value after the fire).

In this case, the damage that was caused by rain (the excluded peril) can easily be distinguished from any damage caused by wind.  In fact, the wood was not damaged at all by wind.  Rather, the plaintiff admitted that none of the wood was blown away or damaged by wind; rather, all damage to the wood was caused by rainwater.  See Exhibit A to Plaintiff's Motion for Summary Judgment, at p. 75.

It is clear, then, that the direct cause of the loss in this instance was rainwater to property that was "in the open" at the time the damage occurred, and thus coverage for the loss is excluded under the relevant insurance policy.

WHEREFORE, for the reasons stated above, and for those reasons stated in Plaintiff's previously filed Motion for Summary Judgment and supporting memorandum, Defendant State Auto Property and Casualty Insurance Company prays

that this Honorable Court grant summary judgment in its favor on Plaintiff's Complaint.

/s/John P. Cunningham
John P. Cunningham,  #6193598
BROWN & JAMES, P.C.
Attorneys for Defendant
Richland Plaza 1
525 West Main Street, Suite 200
Belleville, Illinois  62220-1547
618/235-5590; 618/235-5591 (Fax)

## AFFIDAVIT OF SERVICE

I, the undersigned, on the 16th day of October, 2008, electronically filed this document with the United States District Court, Southern District of Illinois which will send electronic notification to each of the following:  Scott P. Hendricks and Cynthia A. Hagan, Counsel for Plaintiff, 206 West College, Suite 12, Carbondale, IL 62901.

A copy of this document is available for viewing and downloading from the ECF system.

Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

/s/John P. Cunningham

8340963