IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROGER TWENHAFEL, d/b/a )
CONSOLIDATED SERVICES, )
                                                        )
                    Plaintiff,           )
                                                        )
vs.                                              )    CIVIL NO. 08-117-GPM
                                                        )
STATE AUTO PROPERTY AND )
CASUALTY INSURANCE COMPANY, )
                                                        )
                    Defendant.        )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The issue presented in this insurance coverage dispute is whether business inventory stored outside under an industrial tarp is "in the open." If it is, State Auto Property and Casualty Company ("State Auto") avoids coverage under its policy with Roger Twenhafel. If it is not, State Auto owes Twenhafel $81,678.10.

## I. BACKGROUND.

Twenhafel manufactures kitchen and bathroom cabinets. He stores some of his raw wood inventory outdoors under industrial tarps that are secured in place by straps. In September 2006, a violent storm or tornado tore the industrial tarp off the wood inventory. The wood was exposed to rain and damaged; according to Twenhafel, the total amount of the loss is $81,678.10.

At the time of the storm, Twenhafel insured his business property through State Auto. There is no dispute that he had a policy that was in effect on the day in question. But the policy, an "open peril" policy which covers all losses unless there is a specific exclusion, contains the following

exclusion:

**CAUSES OF LOSS – SPECIAL FORM**

**B. Exclusions**

**2. We will not pay for loss or damage caused by or resulting from any of the following:**

. . . .

**j. Rain, snow, ice, or sleet to personal property 'in the open.'**

(*See* Doc. 2-8, Answer/Affirmative Defense to Complaint). According to State Auto, the loss is not insured because the inventory was damaged by rain while it was "in the open;" according to Twenhafel, the inventory was not "in the open" because it was covered by an industrial tarp. The term "in the open" is not defined in the policy.

The Court has subject matter jurisdiction under 28 U.S.C. § 1332(c): Twenhafel is a citizen of Illinois, State Auto is an Iowa corporation with its principal place of business in Ohio, and the amount in controversy exceeds $75,000, exclusive of interest and costs. (*See* Doc. 2, paras. 4-6).

## II. ANALYSIS.

Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P 56 (c). In considering a summary judgment motion, a court must review the entire record and draw all reasonable inferences in the light most favorable to the non-moving party. *See NLFC, Inc. v. Devcom Mid-America, Inc.,* 45 F.3d 231, 234 (7th Cir. 1995); *Enquip, Inc. v. Smith-McDonald Corp.,* 655 F.2d 115, 118 (7th Cir. 1981). When considering cross-motions for summary judgment, the Court construes the evidence and makes reasonable inferences in favor of the party against whom each

motion is made. *See Premcor USA, Inc. v. Am. Home Assurance Co.*, 400 F.3d 523, 526 (7th Cir. 2005).

Under Illinois law (which the parties agree applies in this diversity case), the interpretation of an insurance contract is an issue of law properly determined by the Court on a motion for summary judgment. *BASF AG v. Great Am.Assurance Co.*, 522 F.3d 813, 818-19 (7th Cir. 2008). As the Seventh Circuit recently state in *BASF AG*,

> A court's primary objective in construing the language of an insurance policy is to ascertain and give effect to the intentions of the parties as expressed by the language of the policy. In performing that task, the court must construe the policy as a whole, taking into account the type of insurance purchased, the nature of the risks involved, and the overall purpose of the contract. Where the terms of an insurance policy are clear and unambiguous, they must be applied as written; but where ambiguity exists, the terms will be strictly construed against the drafter. Policy terms 'are ambiguous if they are reasonably susceptible to more than one interpretation, not simply if the parties can suggest creative possibilities for their meaning, and a court will not search for ambiguity where there is none.'

*BASF AG*, 522 F.3d at 819 (citations omitted). As the proponent of the exclusion in this case, State Auto bears the burden of establishing that the exclusion applies to Twenhafel's loss.

The Court finds no ambiguity in this policy. "In the open" is commonly understood to mean something that is exposed to the elements with no protection at all. The Court fails to see how an industrial tarp can be distinguished from a pole barn or any other structure without sides. Inventory in a pole barn could certainly be damaged if rain came in through the sides, just as inventory under and industrial tarp can be damaged if the tarp blows off, or inventory in a building can be damaged by rain if the roof blows off. None of these storage scenarios could be described as "in the open," yet a loss occurs to the inventory because of the elements.

State Auto relies on the cases of *Victory Peach Group, Inc. v. Greater New York Mut. Ins. Co.*,

707 A.2d 1383 (N.J. App. 1998) and *North Texas Constr. Co. v. United States Fire Ins. Co.*, 483 S.W.2d 389 (1972). In *Victory Peach*, a New Jersey appellate court held that the policy at issue covered damage to a building and interior property caused by rain. While State Auto cites this case for the proposition that "in the open" can be equated with "outdoors," what the Court really said in that case was that damaged property located in the interior of a building was not left "in the open" because a tarp served as an adequate roof. The insurance policy in *Victory Peach* contained a very similar exclusion for "loss or damage caused by or resulting from "rain, snow, ice or sleet to personal property in the open.'" *Id.* at 1385. The Court reasoned, "[i]n the context of this exclusion, the phrase 'in the open' would mean to the reasonable insured being left exposed to the elements." *Id.* at 1385-86. The damaged property in *Victory Peach* was not "in the open" because it was stored in a building with tarps covering the roof and thus was not openly exposed to the elements. This case helps Twenhafel, not State Auto.

Similarly, the *North Texas* case fails to persuade the Court to see things State Auto's way. This case is 36 years old and has never been cited by any court. Those facts alone make the case far from persuasive. But the exclusion in *North Texas* was very different from State Auto's exclusion at issue here (it excluded loss or damage "to property in the open caused by rain" or "by deterioration" or "by rust.") The Court found that the loss was excluded under the policy, but it provides few facts and fails to define the term "in the open."

As the drafter of the policy, State Auto was in the best position to define what it meant by "in the open," if it meant something other than the common meaning. State Auto could have also included a requirement that all inventory be stored in a building, but it did not. The policy does not exclude inventory not stored in a building or in any way require that it be; it only excludes damage occurring to inventory "in the open," which Twenhafel's was not, when it was covered by the

industrial tarp. The interpretation pushed by State Auto would serve to substantially drive up the insured's cost of doing business (this would be passed on to his customers) without decreasing the likelihood of loss. To repeat, there is no reason to think the insured's manner of covering the inventory was less effective than an imaginary building which the insurer did not bother to describe or specify. Twenhafel paid his premiums, secured and covered his inventory, so State Auto will have to make good on the coverage it sold.

### III. CONCLUSION.

Plaintiff's motion for summary judgment (Doc. 11) is **GRANTED**, and Defendant's motion for summary judgment (Doc. 15) is **DENIED**. The Court finds that the policy between State Auto and Roger Twenhafel covers the September 2006 damage to Twenhafel's business inventory. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff and against Defendant in the amount of $81,678.10, plus pre-judgment interest, post-judgment interest, and costs. The rate of interest will be the average prime rate during the period from September 22, 2006 (the date of the loss) to now, calculated to be 6.98%. Interest shall be computed daily and compounded annually beginning on September 22, 2006, and ending on the date judgment is entered. Once judgment in entered, Twenhafel is entitled to post-judgment interest at the rate of .96%.

**IT IS SO ORDERED.**

DATED: 11/26/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge