# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

October 6, 2009

To:     Norbert G. Jaworski
        UNITED STATES DISTRICT COURT
        Southern District of Illinois
        East St. Louis , IL 62201-0000

| No.: 08-4275 | ROGER TWENHAFEL, doing business as CONSOLIDATED SERVICES, Plaintiff - Appellee |
| | v. |
| | STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, Defendant - Appellant |

| **Originating Case Information:** |
| --- |
| District Court No: 3:08-cv-00117-GPM-DGW<br>Southern District of Illinois<br>District Judge G. Patrick Murphy |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any.
A certified copy of the opinion/order of the court and judgment, if any, and any
direction as to costs shall constitute the mandate.

<span style="color:red">PARTIAL RECORD RETURN</span>     <span style="color:red">Record to be returned later</span>

<span style="color:red">Pleadings to be returned later:</span>     1

**NOTE TO COUNSEL:**

If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:**                    **Received by:**

_____        _____

form name: **c7_Mandate** (form ID: **135**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## FINAL JUDGMENT

September 14, 2009

CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

BEFORE:     ILANA DIAMOND ROVNER, Circuit Judge
            TERENCE T. EVANS, Circuit Judge
            JOSEPH VAN BOKKELEN, District Court Judge *

| | |
|---|---|
| No.: 08-4275 | ROGER TWENHAFEL, doing business as CONSOLIDATED SERVICES, Plaintiff - Appellee <br><br> v. <br><br> STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, Defendant - Appellant |

| Originating Case Information: |
|---|
| District Court No: 3:08-cv-00117-GPM-DGW <br> Southern District of Illinois <br> District Judge G. Patrick Murphy |

The judgment of the district court is **AFFIRMED** except on the issue of prejudgment interest.  On that issue we **VACATE** and **REMAND** for further proceedings consistent with this opinion, in accordance with the decision of this court entered on this date. Costs is awarded to appellee, Roger, Twenhafel.

*The Honorable Joseph S. Van Bokkelen, United States District Judge for the Northern District of Indiana, sitting by designation.

  form name: **c7_FinalJudgment** (form ID: **132**)



CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-4275

ROGER TWENHAFEL, d/b/a
CONSOLIDATED SERVICES,

*Plaintiff-Appellee*,

*v.*

STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 08 CV 117—**G. Patrick Murphy**, *Judge*.

ARGUED MAY 14, 2009—DECIDED SEPTEMBER 14, 2009

Before ROVNER and EVANS, *Circuit Judges*, and
VAN BOKKELEN, *District Judge*.[*]

VAN BOKKELEN, *District Judge*.  Roger Twenhafel insured
his business property through an "open peril" insurance

---

[*] The Honorable Joseph S. Van Bokkelen, United States District
Court Judge for the Northern District of Indiana, sitting by
designation.

policy issued by State Auto Property and Casualty Insur-
ance Company ("State Auto"). Twenhafel sought
coverage under the policy for loss of his raw wood in-
ventory damaged by rain as a result of a severe storm.
State Auto denied Twenhafel's claim on the basis that
the loss was excluded from coverage because the
inventory was damaged by rain while it was "in the
open." Twenhafel filed suit in the Circuit Court of Jackson
County, Illinois, alleging that State Auto breached the
policy. State Auto removed the case to federal court,
where the parties filed cross-motions for summary judg-
ment on the issue of liability. Twenhafel also moved for
summary judgment on the issue of damages. The
district court entered summary judgment in favor of
Twenhafel and awarded damages, prejudgment and
postjudgment interest, and costs. State Auto now appeals.
We affirm the judgment of the district court except on
the issue of prejudgment interest. On that issue we
vacate and remand for further proceedings consistent
with this opinion.

**I.**

Twenhafel manufactures kitchen and bathroom cabi-
nets. On September 22, 2006, a violent storm blew through
Murphysboro, Illinois, where Twenhafel's business is
located. Before the storm, Twenhafel had some of the wood
inventory he uses to make cabinets stored outdoors under
an industrial covering or tarp. The tarp was secured with
six-by-six oak beams and large concrete blocks which
weighed about ninety pounds each and had been placed on

No. 08-4275                                                    3

top of the tarp. The storm lifted the tarp, along with the beams and blocks, and dropped them on the roof of a building about 150 feet away. As a result of the violent storm, the wood inventory was damaged by rain. The storm did not cause any other damage to Twenhafel's property, except for some minor damage to the building's roof, which was repaired by Twenhafel's employees.

The insurance policy State Auto issued to Twenhafel was an "open peril" policy which covers all losses unless specifically excluded under the terms of the policy. Twenhafel made a claim under the policy for the loss of his wood inventory. State Auto denied Twenhafel's claim, relying on the following specific policy exclusion:

CAUSES OF LOSS—SPECIAL FORM

B.  Exclusions

2.  We will not pay for loss or damage caused by or resulting from any of the following:

. . . .

j. Rain, snow, ice or sleet to personal property in the open.

(App. at 10-11.)

Twenhafel filed suit in the Circuit Court of Jackson County, Illinois, alleging that State Auto breached the terms of the insurance policy by refusing to pay for the damage to the wood inventory. After State Auto removed the case to federal court, the parties filed cross-motions for summary judgment on the issue of liability. Twenhafel also moved for summary judgment on the

issue of damages. Twenhafel asserted that the wood inventory was not "in the open" because it was covered by an industrial tarp; therefore, he was entitled to coverage under the policy. State Auto contended that the loss was not covered under the policy because the inventory was damaged by rain while it was "in the open." The phrase "in the open" was not defined in the policy.

In considering the meaning of the phrase "in the open" the district court found the policy contained no ambiguity and that "in the open" is commonly understood to mean something that is exposed to the elements with no protection at all. Because Twenhafel's wood inventory was covered by an industrial tarp, it was not exposed to the elements.

The district court therefore granted summary judgment in favor of Twenhafel and against State Auto. The district court entered judgment in favor of Twenhafel, in the amount of $81,678.10, and awarded prejudgment interest at the rate of 6.98% per annum, postjudgment interest at a rate of .96% per annum, and costs. State Auto now appeals.

**II.**

This case is one of first impression in our circuit. It is before us on appeal from a grant of summary judgment, which we review de novo, and draw all inferences in favor of the nonmoving party. *Bilthouse v. United States*, 553 F.3d 513, 514 (7th Cir. 2009) (citing *Breneisen v.*

No. 08-4275                                                    5

*Motorola, Inc.*, 512 F.3d 972, 977 (7th Cir. 2008)). Summary judgment is proper "where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Id.* at 514-15 (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The parties agree that the substantive law of Illinois governs this diversity action. "Under Illinois law, the interpretation of an insurance policy is a question of law that is properly decided by way of summary judgment." *BASF AG v. Great Am. Assurance Co.*, 522 F.3d 813, 818-19 (7th Cir. 2008). As explained in *BASF AG*:

> A court's primary objective in construing the language of an insurance policy is to ascertain and give effect to the intentions of the parties as expressed by the language of the policy. In performing that task, the court must construe the policy as a whole, taking into account the type of insurance purchased, the nature of the risks involved, and the overall purpose of the contract. Where the terms of an insurance policy are clear and unambiguous, they must be applied as written; but where ambiguity exists, the terms will be strictly construed against the drafter. Policy terms are ambiguous if they are reasonably susceptible to more than one interpretation, not simply if the parties can suggest creative possibilities for their meaning, and a court will not search for ambiguity where there is none.

*Id.* at 819 (citations and quotation marks omitted). Here, State Auto must establish that the policy's exclusion applies to Twenhafel.

6                                                    No. 08-4275

**A.**

State Auto asserts that the district court erred in finding that Twenhafel's wood inventory loss was not excluded from coverage under the terms of the policy. State Auto relies on a New Jersey appellate court's decision in *Victory Peach Group, Inc. v. Greater N.Y. Mut. Ins. Co.*, 707 A.2d 1383 (N.J. Super. Ct. App. Div. 1998). State Auto contends *Victory Peach* stands for the proposition that the phrase "in the open" means "outside." State Auto, however, misunderstands *Victory Peach.*

The court in *Victory Peach* defined the phrase "in the open" as commonly being understood to mean something that is exposed to the elements. *Victory Peach*, 707 A.2d at 1385-86. The *Victory Peach* court equated the phrase "in the open" with being left outdoors without protection from the elements: "[T]he phrase 'in the open' would mean to the reasonable insured being left exposed to the elements. Indeed, the dictionary definition of 'open' includes 'the open air or the outdoors.'" *Id*.

In *Victory Peach*, the insured stored personal property in a building which had a damaged roof. The workers repairing the roof securely nailed three large vinyl tarps over portions of the damaged roof because the repairs could not be completed in one day. Subsequently, a severe rainstorm blew the tarps off the roof, allowing the water to get into the building and damage the property stored inside it.

The insured in *Victory Peach* was covered by a similar policy exclusion for "loss or damage caused by or

No. 08-4275                                                    7

resulting from 'rain, snow, ice or sleet to personal property in the open.'" *Victory Peach*, 707 A.2d at 1385. The insurer would not cover the insured's losses asserting that the loss was excluded from coverage. In finding for the insured, the court reasoned that because the property was inside the building, it was not left exposed to the elements with no protection:

> As the damaged property was located in the interior of the building, it was not left "in the open." Assuming that the unfinished repairs left some exposed seams in the roof, there is nothing in this record, such as it is, that would reasonably suggest there was a gaping hole which exposed the interior of the building openly to the elements. The damage to Victory Peach's personal property, then, is covered under the policy.

*Id.* at 1386.

Accordingly, we agree with the district court that *Victory Peach* does not stand for the proposition that only property stored inside a building is entitled to coverage. Instead, coverage applies in those instances where property is protected from exposure to the elements. Therefore, State Auto's reliance on this case is without merit.

Next, State Auto cites to *North Texas Constr. Co. v. United States Fire Ins. Co.*, 485 S.W.2d 389 (Tex. App. 1972), asserting that the facts are very similar to this case. In *North Texas*, the court denied coverage under a policy for damage to sheets of galvanized steel that were to be used in the construction of a hangar. After the insured's workers unwrapped the sheets, they were placed on boards outdoors and covered with polyethylene and

weighted down. Subsequently, a storm blew the coverings from the metal sheets and water got in between the sheets. The policy at issue contained an exclusion for "loss or damage to property in the open caused by rain; or by deterioration; or by rust." *Id.* at 390. The appellate court affirmed the district court's findings that the plaintiff's loss fell within the policy's exclusionary terms.

We do not find State Auto's reliance on *North Texas* persuasive because the phrase "in the open" was not defined in the court's decision and the policy's exclusion is very different from the one at issue here. Therefore, we agree with the district court that the *North Texas* decision does not help State Auto's position.

"A court's primary objective in construing the language of an insurance policy is to ascertain and give effect to the intentions of the parties as expressed by the language of the policy." *BASF AG*, 522 F.3d at 819 (quoting *Valley Forge Ins. Co. v. Swiderski Elecs., Inc.*, 860 N.E.2d 307, 314 (Ill. 2006)). The plain language of the policy shows that the parties intended that all losses were to be covered unless specifically excluded under the terms of the policy. One exclusion was for damage that occurred to personal property while it was "in the open"; however, that phrase is not defined anywhere in the policy. Here, the common or ordinary meaning of the phrase controls. We find that the phrase "in the open" means being left exposed to the elements or, in other words, being unprotected from the elements. While State Auto would ask us to hold that the phrase "in the open" means something

Case 3:08-cv-00147-GPM-DGW Document 70 Filed 10/06/09 Page 12 of 15 Page ID #408

different than its common or ordinary meaning, we find that the terms of the policy "must be applied as written" because they are clear and unambiguous, and not susceptible to more than one interpretation. *Id*. State Auto, as the drafter of the policy, was in the best position to define what was meant by "in the open" if it meant something other than the common or ordinary meaning.

State Auto contends that equating the phrase "in the open" with "exposed to the elements" would lead to an absurd result because such an interpretation does not take into account the adequacy of the protection in question. State Auto argues that, under such an interpretation, a pile of wood covered by newspapers would not be "in the open" because the wood was not "exposed to the elements." We find State Auto's contention without merit because a reasonable person would not think that newspapers would protect property from exposure to the elements. Therefore, the interpretation does not lend itself to absurdity.

We affirm the district court on the issue of liability. The loss to Twenhafel's wood inventory was covered under the terms of the policy because it did not fall within the policy's exclusionary terms. The district court properly found that Twenhafel's wood inventory was not "in the open" when it was damaged because it was securely covered by a tarp and not left exposed to the elements. Therefore, adequacy of protection is not at issue.

Case 3:08-cv-00841-GPM-DGW Document 67-1 Filed 10/06/09 Page 23 of 25 Page ID #409

**B.**

State Auto also asserts that the district court erred in its damage award because there was a genuine issue of material fact regarding the amount of Twenhafel's loss. State Auto contends that Twenhafel testified at his deposition that he did not know the value of the inventory loss. However, Twenhafel later submitted an affidavit stating that the "value of the wood inventory damaged on September 22, 2006 [was] $81,678.10." (App. at 26.)

The district court awarded Twenhafel $81,678.10 in damages on the basis of his affidavit. As the owner of the inventory, Twenhafel was in a position to know or ascertain what the value of the damaged wood was; the fact that he was unable to quantify the value at his deposition did not mean that he could never do so. State Auto did not object to Twenhafel's affidavit or present its own evidence of the value of Twenhafel's inventory loss. Because State Auto failed to produce evidence that contradicted Twenhafel's affidavit, the district court appropriately relied on his affidavit. *See* Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own plead-ing; rather, its response must—by affidavits or as other-wise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if ap-propriate, be entered against that party.") Therefore, we affirm the district court on the issue of damages.

No. 08-4275                                                    11

## C.

Finally, State Auto objects to the district court's award of prejudgment interest because the extent of Twenhafel's damages was not liquidated or subject to an easy determination at the time of the loss. The district court awarded Twenhafel prejudgment interest at the rate of 6.98% per annum, the average prime rate for the period September 22, 2006 (the date of the loss) through November 26, 2008 (the date of judgment).

"A district court's decision to award or deny prejudgment interest will not be disturbed unless that decision constitutes an abuse of discretion." *Liu v. Price Waterhouse LLP*, 302 F.3d 749, 757 (7th Cir. 2002). The Illinois Interest Act provides that "[c]reditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing." 815 Ill. Comp. Stat. Ann. 205/2 (West 2009). Under Illinois law, "an insurance policy is a written instrument covered by [the Illinois Interest Act]." *J.R. Couch v. State Farm Ins. Co.*, 666 N.E.2d 24, 27 (Ill. App. Ct. 1996). Prejudgment interest is appropriate where the sum due or damages are "liquidated or subject to an easy determination by calculation or computation." *Id.* (citing *Boyd v. United Farm Mut. Reinsurance Co.*, 596 N.E.2d 1344, 1350 (Ill. App. Ct. 1992)). "Absent some type of bad, vexatious, or unreasonable conduct prejudgment interest should be awarded at the statutory rate of 5% on written instruments." *Platinum Tech., Inc. v. Fed. Ins. Co.*, 282 F.3d 927, 934 (7th Cir. 2002).

Because the amount of damages was readily determinable, the district court did not abuse its discretion

12                                                                                  No. 08-4275

in awarding Twenhafel prejudgment interest. However, nothing in the record supports a rate of interest in excess of the statutory rate of 5%. There is no mention in the district court's opinion that State Auto's actions constitute "bad, vexatious, or unreasonable conduct" so as to justify the higher rate. Twenhafel also does not allege any such conduct in his complaint and did not present any evidence to the district court. Accordingly, the district court abused its discretion in awarding Twenhafel prejudgment interest at the rate of 6.98%. Therefore, we vacate that award.

### III.

Accordingly, the judgment of the district court is AFFIRMED except on the issue of prejudgment interest. On that issue we VACATE and REMAND for further proceedings consistent with this opinion.

AFFIRMED IN PART, VACATED IN PART,
and REMANDED IN PART.